[No. 9768.   Department Two.   October 24, 1911.]

J. T. Cordrey, *Respondent*, v. Washington Stevedore Company et al., *Appellants.*[1]

Appeal—Review—Verdict.  A verdict will not be disturbed on appeal for want of definite evidence on a point upon which witnesses testified by references to a plat, indicating thereon, so that their testimony may have been clear to the jury while left in confusion in the record.

Damages—Personal Injuries—Excessive Verdict.  A verdict for $5,000 for injuries sustained in a fall by a stevedore, thirty-four years of age, resulting in a collies fracture of the right wrist creating a permanent defect in mobility, and a temporary injury to the back of the head which was painful, is excessive and should be reduced to $3,000.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered April 7, 1911, upon the verdict of a jury rendered in favor of the plaintiff for $5,000, for personal injuries sustained by a stevedore engaged in loading a vessel.   Reversed, unless $2,000 is remitted.

*Hayden & Langhorne*, for appellants.

*Fitch & Jacobs*, for respondent.

Morris, J.—On October 26, 1910, the Washington Stevedore Company was loading the steamship Osiris, owned and operated by the Kosmos Steamship Company.   Respondent was employed as a longshoreman, assisting in the loading.   The previous night, flour had been loaded in the upper between decks, and piled closely against the ladder extending from the hold to the main deck through the various decks and hatches.   Respondent had not been a member of the crew during the night, and was not familiar with the situation in the upper between decks.   He was directed to the hold as his place of work, and, while descending the ladder, fell and sustained the injury complained of.   The negligence

[1]Reported in 118 Pac. 324.

charged was piling the flour so tightly against the rounds of the ladder as to furnish no hold for the hands or feet in making a descent to the lower decks.  The place of the accident is charged as in the upper between decks, and the cause, respondent's feet coming in contact with the flour piled against the ladder, preventing him from obtaining a secure hold, and his consequent fall.

Two points are urged on the appeal:  (1) That the evidence shows that respondent fell, not from a point in the upper between decks as alleged in the complaint, but from a point in the lower between decks, where it is conceded there was no flour; and (2) that the verdict for $5,000 is excessive. Upon the first point, after a careful reading of the record, it is impossible for us to fix a point from whence we can say it is established the respondent fell.  There is much confusion and seeming contradiction upon this point.  Respondent adds to this confusion by his own testimony as to the place. He says at different places in this testimony, in fixing the place: "I was between the lower between deck and the lower hold deck."  "I was somewhere in here" (indicating on the plat).  "I was just descending below the between deck at the time."  "I was getting over that part of the hatch coaming, making my descent down the hatch of the lower between decks, when my foot slipped."  "As I was coming down and under I struck the sacks of flour here (indicating) from the lower between decks, the lower part of the upper between decks, right there (indicating).  I struck with my foot and fell."  "My foot was up in here (indicating) when I fell." "It would be either the first, second or third rung of the ladder."

It will be noted that, while there is much to justify the inference that respondent's feet had passed below the upper between decks when he fell, the last answers made by him fix the place as the lower part of the upper between decks, and either the first, second or third round of the ladder (counting from below) in the upper between decks.  The places indi-

cated by respondent on the plan used are not preserved in the record, so that feature of his testimony, while possibly clear to the jury who saw where he indicated, is valueless to us. The same thing is true of other witnesses who indicated the place. The jury could better understand their testimony with the indication points than we can without them. Other witnesses place him going over the coaming of the hatch between the upper between and the lower between decks. A witness who was standing at the hatch of the main deck awaiting his turn to descend, says, in response to the question as to the place where respondent was when he fell: "He was about here (indicating the upper between decks)." "His feet were about there." He was then asked to mark the place on the plan, and places an X between the coaming of the second hatch and the first round (from below) of the ladder in the upper between decks as they are there shown. This mark is the only one preserved in the record as the place designated by any witness. Another witness says: "The left foot was right here on this first step; the right foot was in the hatch coaming on this step here; the right foot was right on this step with the left foot here." "He was in the upper between decks and on the ladder somewhere." Another witness says: "I believe he had his left foot on the hatch coaming if I am not mistaken, and the right foot upon the first round of the ladder." While, therefore, there is much confusion as to the place, there is testimony which would justify the jury in placing respondent with at least one foot on the first round of the ladder in the upper between decks when he fell, and that the slipping of this foot, caused by the flour closely pressed against the ladder, was the cause of the fall. At all events, admitting the confusion, it is a confusion of facts which it is the province of the jury to unravel, in which they were aided by the indicating points of the different witnesses which might have made the place clear to them. It was for them to say and not us, and we cannot disturb their fixing of the place by

finding from the record before us that there was no evidence to justify it. Upon the first point reserved, we therefore cannot say there is error.

The second point is always a difficult one for appellate courts to deal with. The injury was what is known in surgery as a collies fracture of the right wrist, coupled with a temporary injury to the back of the head. The latter injury was purely of the muscular tissue, and while producing pain and extreme nervous condition, the medical men who testified all agree is not of a serious nor permanent nature. As to the wrist, there is a defect in the lateral motion and a consequent limitation in the mobility of the joint. The wrist is widened about a quarter of an inch, caused by the ulna being that much out of place, destroying the natural articulation of the joint, to the extent that one part of the lower end of the radius articulates, while the ulna scarcely touches. This condition is permanent. While there will be less pain and stiffness from use as time goes on, the bones will never change their present condition. Respondent was thirty-four years of age. We realize fully the weight to be given the verdict of a jury in fixing an award of damages; an award that should never be disturbed without good reason and just cause. Nevertheless we believe, considering all the facts as to the injury, and carefully weighing the testimony of the physicians called by respondent, that $5,000 is excessive for this injury, and that the award should be reduced to $3,000.

The order will be that respondent shall determine, within twenty days after the going down of the remittitur, to accept or reject this reduction, and file his acceptance or rejection in the lower court. If he accept, the judgment will stand affirmed. Otherwise, a new trial is ordered. Appellant will recover costs of this court.

CHADWICK, ELLIS, and CROW, JJ., concur.